EDWARD G. RYLEY, APPELLEE, V. JACOB SANDEAN,
APPELLANT.

FILED JANUARY 7, 1897.   No. 6991.

**Alley:** NOTICE OF EXISTENCE: CONFLICTING EVIDENCE. The evidence
in this case, although conflicting, *held* sufficient to sustain the de-
cree appealed from.

APPEAL from the district court of Douglas county.
Heard below before FERGUSON, J.   *Affirmed.*

*George A. Magney,* for appellant.

*C. A. Baldwin, contra.*

POST, C. J.

This is an appeal from the decree of the district court
for Douglas county, the question at issue being the exist-
ence of an alleged alley in block 14, Walnut Hill Addi-
tion to the city of Omaha.   Among the facts disclosed by
the pleadings and proofs are the following: Some time
during the year 1885 the plaintiff Ryley, Edholm, the de-
fendant's grantor, and one Hunt, being the owners of a
tract or parcel of land situated in the northeast corner of
said block, agreed to so divide the same as to make three
residence lots fifty feet in width, fronting on Lowe avenue
on the east, by two hundred and fifty feet in length.
Pursuant to such agreement said property was subdi-
vided and subsequently improved by the several owners.
The corner lot adjoining La Fayette avenue on the north
was allotted to Edholm, the south lot, adjoining an alley
extending east and west through said block, was assigned
to Hunt, and the inside or middle lot to the plaintiff.   Af-
terwards said parties, being desirous of access to their
property by means of an alley on the west side thereof,
executed the following agreement:

"OMAHA, NEB., ———, 1885.

"This agreement, entered into between the under-

signed, their heirs, executors, administrators, and assigns, witnesseth: That whereas P. L. Edholm, Charles G. Hunt, and E. G. Ryley having negotiated with and purchased from the Walnut Hill Building Association, an association legally and lawfully incorporated in the city of Omaha and state of Nebraska, three lots, to-wit, lots 2, 3, and 4, in block 14, said Walnut Hill, and the aforesaid Edholm, Hunt, and Ryley, being in lawful and peaceable possession of said real estate, do hereby covenant and dedicate the one to the other, ten feet of lot 4, in block 14, to be used by them and their successors as a private alley.

"In witness whereof, we have hereunto set our hands and seals this 8th day of July, 1886.

"CHARLES G. HUNT.

"P. L. EDHOLM.

"ED G. RYLEY."

The foregoing instrument appears to have been acknowledged in due form on the 8th day of July, 1886, and filed for record on the 18th day of April, 1891. It should be observed in this connection that the description therein employed has reference to the original subdivision of the property in question. It is alleged by the plaintiff that upon the execution of the agreement above set out there was a dedication in fact by each party of a strip of ground ten feet in width to the purpose therein contemplated; and the evidence in the bill of exceptions tends strongly to prove that stables and fences were constructed by said parties on the east line of the alley so laid out. That the evidence establishes a sufficient dedication as against Edholm and Hunt is a proposition not controverted on this appeal. It is, however, asserted by the defendant that he acquired title by purchase from Edholm, without notice, actual or constructive, of the plaintiff's claim in the premises. The deed through which defendant claims title bears date of March 9, 1887, and was filed for record March 19, 1887, or more than four years previous to the filing for record of the agree-

ment aforesaid. There is, accordingly, no foundation for the contention that the defendant had constructive notice of the plaintiff's rights. The evidence bearing upon the question of actual notice is conflicting, although, in our judgment, ample to sustain the finding adverse to the defendant, and the decree perpetually enjoining him from obstructing said alley or interfering with the plaintiff's use or enjoyment thereof will be affirmed.

DECREE AFFIRMED.